**In re Earl J. MOULTON, Jr., Wanda Sue Moulton, Debtor.**

**Earl J. MOULTON, Jr., Wanda Sue Moulton, Plaintiff,**

v.

**UNITED STATES of America DEPARTMENT OF TREASURY INTERNAL REVENUE SERVICE, Defendant.**

Bankruptcy No. 80–822–8P3.
Adv. No. 93–733.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

April 14, 1995.

Malka Isaak, Tampa, FL, for Plaintiff.

Terry E. Smith, Chapter 13 Trustee.

## ORDER ON MOTION FOR ASSESS-MENT OF ATTORNEY'S FEES

ALEXANDER L. PASKAY, Chief Judge.

THIS is the latest chapter in the on-going attempts by the United States to collect taxes owed by the Debtors, which were paid through their Chapter 13 and ultimately discharged in 1988. Brief recitation of the history of this case should be helpful in resolving the issue currently before the Court.

On January 25, 1988, the Debtors were granted a discharge after having completed their Chapter 13 Plan pursuant to § 1328 of the Bankruptcy Code by paying all allowed claims provided for in the Plan, including the claim of the Internal Revenue Service (IRS). On May 15, 1990, in violation of the permanent injunction, the IRS filed a Notice of Federal Tax Lien against the Debtor, Earl J. Moulton. The Debtors in turn sought an Order reopening the closed Chapter 13 case and filed a Motion to Hold the IRS in Contempt of Court, or in the alternative for Imposition of Sanctions for Violation of the Permanent Injunction. On October 16, 1991, this Court entered an Order finding that the IRS had in fact violated the permanent injunction set forth in 11 U.S.C. § 524(a)(2). The Court then scheduled a final evidentiary hearing to consider an appropriate award of sanctions against the United States. The United States continued to attempt to collect the 1980 taxes and shortly before the final evidentiary hearing, issued a Final Notice of Intention to Levy dated September 14, 1991.

On November 14, 1991, this Court held the hearing to determine the amount of sanctions. On October 8, 1992, this Court entered an Order determining that § 524 did in fact apply to the United States and awarding sanctions against the United States for its willful violation of § 524. The Court directed the United States to pay the Debtors the amount of $4,659.00 to compensate the Debtors for attorney's fees incurred in defending the matter.

On August 3, 1993, the United States sent a Final Notice of Intention to Levy to Wanda Sue Moulton, and continued collection efforts of the 1980 taxes. On October 22, 1993, the Debtors filed a Complaint seeking injunctive relief against the United States. On October 29, 1993, the Court considered a Motion for Temporary and Preliminary Injunction and found the United States was in violation of the permanent injunction. Furthermore, the Court determined that the Debtors were entitled to an award of attorney's fees, however, granted leave to the Debtors to file a Motion to determine the amount of the attorney's fees to be awarded. The Debtors filed their Motion to Assess Attorney's Fees on October 31, 1994. The United States filed an Opposition to the Motion on November 7, 1994. The matters were set for hearing in due course. On the day of the Hearing, the

Debtors filed a Supplement to the Motion to Assess Attorney's Fees.

 Based upon the foregoing, the Debtors seek an award of $8,591.70 for fees incurred in the continued defense to the collection efforts of the United States. This amount represents 37.8 hours of attorney time at a blended rate of $227.29 per hour. In opposition, the United States contends that by virtue of the amendment to § 106 of the Bankruptcy Code by the Bankruptcy Reform Act of 1994, the amount of attorney's fees allowable against the United States is limited to $75.00. This is so because § 106 was amended to adopt 28 U.S.C. § 2412(d)(2)(A), which provides in pertinent part as follows:

(1)(A) Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action ... including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

(B) A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney or expert witness representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed. The party shall also allege that the position of the United States was not substantially justified. Whether or not the position of the United States was substantially justified shall be determined on the basis of the record which is made in the civil action for which fees and other expenses are sought.

2) For the purposes of this subsection—

(A) "fees and other expenses" includes the reasonable cost of any study, analysis, engineering report, test, or project which is found by the court to be necessary for the preparation of the party's case, and reasonable attorney fees. (The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of service furnished, except that ... (ii) attorney fees shall not be awarded in excess of $75 per hour unless the court determines that an increase in the cost of living or special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.)

Pursuant to § 702(a)(2)(B) of the Bankruptcy Reform Act of 1994, the amendment to § 106 is effective with respect to all Title 11 cases commenced before, on, or after the date of enactment.

It is clear from this record that the Debtors were a prevailing party in the proceedings before this Court. Equally, there is no question that the position of the United States, that the permanent injunction is not applicable to the United States, was not justified. Therefore, there is no doubt that the Debtors are entitled to an award of attorney's fees for the fees incurred in defending against the collection efforts of the United States. This leaves for consideration the issue of the amount of attorney's fees and the proper method for calculation of the fees. Inasmuch as this Court must make a determination of the proper hourly rate, including any increase for cost of living or limited availability of qualified counsel, and such a determination may deviate from the statutory base, it is appropriate to set for evidentiary hearing the matter to consider evidence on the proper hourly rate.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that a final evidentiary hearing shall be scheduled before the undersigned in Courtroom C of the United States Bankruptcy Court, 4921 Memorial Highway, Tampa, Florida, on May 8, 1995 at 11:00 am to consider the proper hourly rate to be utilized in determining an award of fees and costs to

the Debtors. This shall include any evidence relating to market rates, limited availability of qualified counsel and cost of living increases.

DONE AND ORDERED.